**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Randy Dean Grainger, Appellant.

Appellate Case No. 2023-000598

---

Appeal From Horry County
G. D. Morgan, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2026-UP-378
Submitted July 1, 2026 – Filed July 22, 2026

---

**AFFIRMED**

---

Senior Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General William Joseph Maye, all of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, all for Respondent.

---

**PER CURIAM:** Randy Dean Grainger appeals his convictions for two counts of murder, two counts of criminal conspiracy, third-degree arson, and possession of a weapon during the commission of a violent crime and sentences of life without parole for each count of murder, fifteen years' imprisonment for third-degree arson, and five years' imprisonment for each count of criminal conspiracy. On appeal, Grainger argues the trial court erred by denying his motion to suppress cell site location information (CSLI) from cell tower dumps at three locations—a burned car at Cookes Circle (the Burned Car Scene), the homicide scene at 4591 Highway 19 (the Homicide Scene), and Samantha Rabon's residence off of Magnolia Highway (Rabon's Residence), arguing he had a reasonable expectation of privacy in the CSLI generated from the tower dumps and thus, a warrant was necessary to obtain his information. We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err in denying Grainger's motion to suppress because there was evidence to support the magistrate court's conclusion that probable cause existed to support the search warrant as to the Burned Car Scene and the Homicide Scene. *See State v. Frasier*, 437 S.C. 625, 633-34, 879 S.E.2d 762, 766 (2022) ("[A]ppellate review of a motion to suppress based on the Fourth Amendment involves a two-step analysis. This dual inquiry means we review the trial court's factual findings for any evidentiary support, but the ultimate legal conclusion . . . is a question of law subject to de novo review."); *State v. Dill*, 423 S.C. 534, 542, 816 S.E.2d 557, 562 (2018) ("The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Evidence seized in violation of the Fourth Amendment must be excluded from trial." (quoting *State v. Khingratsaiphon*, 352 S.C. 62, 69, 572 S.E.2d 456, 459 (2002))); *id.* ("A search or seizure is reasonable under the Fourth Amendment when it is authorized by a warrant that is supported by probable cause."); *State v. Baccus*, 367 S.C. 41, 50, 625 S.E.2d 216, 221 (2006) ("In South Carolina, search warrants may be issued 'only upon affidavit sworn to before the magistrate . . . establishing the grounds for the warrant.' The affidavit must set forth particular facts and circumstances underlying the existence of probable cause to allow the magistrate to make an independent evaluation of the matter." (quoting S.C. Code Ann. § 17-13-140 (2014))); *State v. Kinloch*, 410 S.C. 612, 617, 767 S.E.2d 153, 155 (2014) ("A warrant is supported by probable cause if, given the totality of the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place."); *State v. Smith*, 301 S.C. 371, 373, 392 S.E.2d 182, 183 (1990) (finding an affidavit defective on its face when it set forth no facts as to why police believed a defendant committed a robbery and omitted the fact that some of the information in the affidavit was provided by an informant).

Further, although probable cause does not support the search warrant as to Rabon's Residence, any error was harmless because the State presented substantial independent evidence of Grainger's guilt, including testimony placing him near the crime scene wearing clothing that was later found in or near the victim's car; testimony that he admitted agreeing with Rabon to kill the victims for money; and DNA evidence linking him to the hat and cigarettes recovered from in and around the victim's car.[1] *See State v. Collins*, 409 S.C. 524, 537, 763 S.E.2d 22, 29 (2014) ("The harmless error rule generally provides that an error is harmless beyond a reasonable doubt if it did not contribute to the verdict obtained."); *State v. Brown*, 344 S.C. 70, 75, 543 S.E.2d 552, 554-55 (2001) ("Whether an error in the admission of evidence is harmless generally depends upon its materiality in relation to the case as a whole."); *State v. Mitchell*, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985) ("Error is harmless when it 'could not reasonably have affected the result of the trial.'" (quoting *State v. Key*, 256 S.C. 90, 93, 180 S.E. 2d 888, 890 (1971))); *Baccus*, 367 S.C. at 55-56, 625 S.E.2d at 224 (holding that the erroneous admission of evidence obtained pursuant to an improperly issued search warrant was harmless where the blood evidence was merely cumulative of other properly admitted evidence establishing the same facts); *State v. Patterson*, 290 S.C. 523, 528, 351 S.E.2d 853, 856 (1986) (finding any error in the exclusion of evidence that was cumulative to other evidence entered was harmless beyond a reasonable doubt); *State v. Livingston*, 282 S.C. 1, 6, 317 S.E.2d 129, 132 (1984) ("[W]here guilt is conclusively proven by competent evidence and no rational conclusion can be reached other than the accused is guilty, a conviction will not be set aside because of insubstantial errors not affecting the result."), *overruled on other grounds by State v. Davis-Kocsis*, 443 S.C. 127, 903 S.E.2d 491 (2024).

**AFFIRMED.**[2]

---

[1] We decline to address the novel issue of whether Grainger had a reasonable expectation of privacy in the cell tower dumps because we hold any error in the admission of CSLI generated from the tower dump near Rabon's residence was harmless and the search warrant was supported by probable cause as to the remaining two locations. *See State v. Drayton*, 415 S.C. 43, 45, 780 S.E.2d 902, 903 (2015) ("Further, any error in the issuance of the warrants was harmless because petitioner's guilt was conclusively established by other competent evidence at trial, such that no other rational conclusion could have been reached.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

**THOMAS, MCDONALD, and TURNER, JJ., concur.**